UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

WAEL NAWAR,

        Plaintiff,     :

  v.                                    Case No. 2:23-cv-800
                                        Judge Sarah D. Morrison
                                        Magistrate Judge Kimberly A.
JUDGE JAMES W. BROWN, *et*        Jolson
*al.*,                                :

        Defendants.

## OPINION AND ORDER

Wael Nawar filed this action against Judge James W. Brown and Magistrate Kathleen M. Knisely. (ECF No. 1.) Judge Brown and Magistrate Knisely presided over Mr. Nawar's divorce and child custody proceedings in the Franklin County Court of Common Pleas, Domestic Division. (*See id.*, PAGEID # 3.) Mr. Nawar amended his initial complaint in response to a motion to dismiss. The Amended Complaint alleges that Judge Brown and Magistrate Knisely discriminated against Mr. Nawar on the basis of his race, gender, and national origin, in violation of his rights under the Fourteenth Amendment's equal protection clause. (Am. Compl., ECF No. 9.) The matter is before the Court on a second Motion to Dismiss. (ECF No. 10.) Because Judge Brown and Magistrate Knisely are entitled to immunity, the Motion is **GRANTED**.

I. BACKGROUND

All well-pleaded factual allegations in the Amended Complaint are considered as true for purposes of the Motion to Dismiss. *See Gavitt v. Born*, 835 F.3d 623, 639–40 (6th Cir. 2016). The following summary draws from that Amended Complaint.

Mr. Nawar "is an immigrant Egyptian American man[.]" (Am. Compl., PAGEID # 188.) Mr. Nawar was married to Hayam Soliman, and they have one child together. (*Id.*) On March 3, 2021, Ms. Soliman filed for divorce in the Franklin County Court of Common Pleas, Domestic Division. (*Id.*) At the time, Mr. Nawar was living in Egypt, where divorce proceedings were also ongoing. (*Id.*) Judge Brown and Magistrate Knisely were assigned to preside over the Ohio proceedings. (*Id.*) Between the filing of the case and final judgment, Judge Brown and Magistrate Knisely made certain rulings and entered certain orders, including (but not limited to):

- An order declining to recognize a divorce decree from Egypt;
- A standard mutual restraining order;
- Orders on Mr. Nawar's child custody and visitation rights; and
- Orders on Mr. Nawar's father's child visitation rights.

(*See id., generally.*) Mr. Nawar alleges that these orders reflect differential treatment because they favor Ms. Soliman's positions and, in Mr. Nawar's view, ignore evidence supporting his own. (*See id.*, PAGEID # 192.)

Mr. Nawar also alleges that Judge Brown and Magistrate Knisley made "several comments" about his and his father's "race, nationalities and genders." (*Id.*, PAGEID # 221.) But he only details two such comments with any specificity. First,

on July 22, 2021, Judge Brown expressed that he "did not care about the Egyptian divorce." (*Id.*, PAGEID # 191.) Second, on May 3, 2022, Magistrate Knisely made comments about Mr. Nawar's father's accent, nationality, and "the place where he lived." (*Id.*, PAGEID # 201.)

Mr. Nawar claims that he was deprived his right to equal protection under the law. (*Id.*, PAGEID # 221.) He seeks money damages, an injunction "requiring [Judge Brown] to cease any discriminatory behavior, such as changing the terms of a custody agreement or ensuring that [Judge Brown and Magistrate Knisely] recuse[] themselves from any future cases involving [Mr. Nawar]," and a "declaration that [Judge Brown and Magistrate Knisely's] conduct violated the law and/or [Mr. Nawar's] rights." (*Id.*, PAGEID # 231.)

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal alteration and quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Supreme Court has explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a

3

defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotations omitted). The complaint need not contain detailed factual allegations, but it must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555.) "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In reviewing a motion to dismiss, the Court "construe[s] the complaint in the light most favorable to the plaintiff[.]" *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

These standards apply equally when the plaintiff is *pro se*. Although a *pro se* litigant is entitled to a liberal construction of his pleadings and filings, he still must do more than assert bare legal conclusions, and the "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005).

### III. ANALYSIS

Using 42 U.S.C. § 1983, Mr. Nawar filed this action against Judge Brown and Magistrate Knisely in their official and individual capacities.

**A.  Mr. Nawar cannot sustain his official capacity claims.**

A lawsuit brought against a public official in her or his official capacity is treated as a suit against the government entity, rather than the official personally, as the entity is the real party in interest. *Kentucky v. Graham*, 473 U.S. 159, 166

4

(1985). A suit against Judge Brown and Magistrate Knisely is thus treated as a suit against the Franklin County Court of Common Pleas.

Citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), Judge Brown and Magistrate Knisely argue that Mr. Nawar's official capacity claims fail because Mr. Nawar did not "identify any policy, custom, or procedure that resulted in the alleged violation of his constitutional rights or that is persistent and widespread." (ECF No. 10, PAGEID # 432.) *Monell* establishes the standard for determining municipal liability under § 1983. But the Court of Common Pleas "is part of the Ohio state court system, established by the Ohio state legislature and subject to the supervision of the Ohio Supreme Court." (ECF No. 10, PAGEID # 434 (citing Ohio Const. art. IV, §§ 4, 5) (emphasis added).) So, the court is "an arm of the state" and is not a municipality. *Ward v. City of Norwalk*, 640 F. App'x 462, 465 (6th Cir. 2016). As a result, Mr. Nawar's claims require analysis under Eleventh Amendment sovereign immunity instead. "The Sixth Circuit has largely followed the 'jurisdiction bar' approach [to Eleventh Amendment sovereign immunity] by holding that a federal court can raise the question of sovereign immunity sua sponte because it implicates important questions of federal-court jurisdiction and federal-state comity." *Cady v. Arenac County*, 574 F.3d 334, 344 (6th Cir. 2009) (internal quotation and citation omitted). The analysis differs based on the relief sought, which will guide the discussion below.

*Money damages*. The Eleventh Amendment "bars suits for monetary relief against state officials sued in their official capacity." *Thiokol Corp. v. Dep't of*

5

*Treas., State of Mich., Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993). Mr. Nawar's official capacity claim for money damages therefore fails.

*Declaratory relief*. The Eleventh Amendment also bars official-capacity claims for retrospective declaratory relief. *Green v. Mansour*, 474 U.S. 64, 68 (1985) ("Both prospective and retrospective relief implicate Eleventh Amendment concerns, but the availability of prospective relief of the sort awarded in *Ex parte Young* gives life to the Supremacy Clause. Remedies designed to end a continuing violation of federal law are necessary to vindicate the federal interest in assuring the supremacy of that law. But compensatory or deterrence interests are insufficient to overcome the dictates of the Eleventh Amendment.") (internal citations omitted). Because the declaratory relief Mr. Nawar seeks is retrospective in nature, that claim also fails.

*Injunctive relief*. The Eleventh Amendment does not bar an official-capacity claim for prospective injunctive relief. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 n. 10 (1989) (citing *Graham*, 473 U.S. at 167, n.14; *Ex parte Young*, 209 U.S. 123 (1908)). But § 1983 provides that:

> [I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983, *amended by* Federal Courts Improvement Act of 1996, § 309(c), Pub.L. No. 104–317, 110 Stat. 3847, 3853. Mr. Nawar does not allege that he previously sought or obtained a declaratory decree against Judge Brown and

6

Magistrate Knisely. His claim for injunctive relief thus also fails. *See Ward*, 640 F. App'x at 467.

The Motion to Dismiss is **GRANTED** as to the official capacity claims.

**B. Judge Brown and Magistrate Knisely are entitled to judicial immunity on Mr. Nawar's individual capacity claims.**

With respect to the individual capacity claims, Judge Brown and Magistrate Knisely argue that they are absolutely immune from suit. (ECF No. 10, PAGEID # 432.) The Court agrees. "It is well established that judges and other court officers enjoy absolute immunity from suit on claims arising out of the performance of judicial or quasi-judicial functions." *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988). There are only two exceptions to judicial immunity:

> First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction.

*Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (internal citations omitted).

Judge Brown and Magistrate Knisely acted in a judicial capacity when presiding over Mr. Nawar's divorce. Mr. Nawar's Amended Complaint alleges in a conclusory manner that the two "acted out of [their] jurisdiction" at various points in the proceedings. (*See* Am. Compl., PAGEID # 198, 212.) His response to the Motion to Dismiss does not further elaborate. (*See* ECF No. 13, *generally*.) On its own review, the Court can find nothing in the Amended Complaint to support Mr. Nawar's assertion that Judge Brown or Magistrate Knisely acted in the complete absence of jurisdiction.

7

Judge Brown and Magistrate Knisely are absolutely immune from suit. The Motion to Dismiss is **GRANTED** as to the individual capacity claims.

## IV. CONCLUSION

The Motion to Dismiss is **GRANTED**. Mr. Nawar's Amended Complaint is **DISMISSED**. The Clerk is **DIRECTED** to **TERMINATE** this case.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**